UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHIWANA CRANDELL,                                    Case No. 9:17-cv-755 (BKS/CFH)

        Claimant,                                Jury Trial Demanded

       -against-

KEVIN ROSS, GARY COOPER,
ANTHONY J. ANNUCI, ACTING
COMMISSIONER OF NEW YORK
STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION ,SHERYL ZEN ZEN,
SUPERINTENDENT AT
ALBION CORRECTIONAL FACILITY, DUANE ARTUS
AND LEIGH COLLINS

        Defendants.

---

Plaintiff, Chiwana Crandell, by her undersigned counsel, based on personal knowledge and upon information and belief, allege as and for her Complaint as follows:

## JURISDICTION AND VENUE

1.     This action is brought as a Federal Question and pursuant to 42 U.S.C. Sections 1983-1988, for violations of the United States Constitution, the 4th, 5th, 8th and 14th Amendments to the United States Constitution, and 42 USC 15601 (Prison Rape Elimination Act).

2.     This Court has jurisdiction under 28 USC 1331, 1343 and 1367.

3.     Venue is proper under 28 USC 1391.

4.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PRELIMINARY STATEMENT

5.     This action seeks compensatory and punitive damages arising from the rape and sexual abuse of the Plaintiff, a female, under color of state law, while she was incarcerated in the New York State Penal system by Defendants Kevin Ross and Gary Cooper and the deliberate indifference and carelessness of the remaining defendants to prevent the conduct and conditions that created a culture permitting and giving rise to the rape and sexual abuse of female prisoners at the prison identified below as well as damages for the denial of her rights to grievance hearings for the refusal to provide medical treatment when requested. At all times, the defendants acted with deliberate indifference to the substantial risk of harm to Plaintiff and other women in its custody thereby denying the plaintiff due process and subjecting her to risk of cruel and unusual punishment. The Plaintiff is no longer an inmate.

## PARTIES

6.     At all time mentioned herein, the Plaintiff, Chiwana Crandell is an individual residing in the City, State and County of New York who was raped and sexually abused while she was incarcerated at the women's prison facility commonly known as Albion Correctional Facility located in Albion, County of Orleans, State of New York. (Hereinafter ALBION). Plaintiff was released from prison in September 2015.

7.     At all times mentioned herein, plaintiff was and is a citizen of New York State and entitled to the full protection of the laws and the Constitution of the United States of America.

8.     At all times mentioned herein and upon information and belief, THE NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION (DOCCS) is a division or department of the state of New York responsible for the care, custody and treatment of inmates in the state prison system with its principal office located in Albany, New York and is a sub-division or department of The State of New York, duly authorized to perform all functions of a corrections department as per the applicable sections of the laws of the State of New York State, and responsible for the care, custody, treatment and wellbeing of inmates in the New York State prison system with its principal office located in Albany, New York.

2

9.    At all times mentioned herein and upon information and belief, Defendant Anthony J. Annuci, (hereinafter, Annuci) is the acting superintendant of DOCCS and is sued herein in his administrative capacity.

10.    At all times mentioned herein and upon information and belief, Defendant ALBION was owned, operated, managed, controlled, maintained, supervised and staffed by defendant NYSDOCCS.

11.    At all times mentioned herein and upon information and belief, Defendant CORRECTION OFFICER KEVIN ROSS was a uniformed corrections officer the Albion Correctional Facility, responsible for the care, custody, treatment and wellbeing of inmates incarcerated in the Albion Correctional Facility.

12.    At all times mentioned herein and upon information and belief, Defendant CORRECTION OFFICER KEVIN ROSS was employed at Albion and was acting under the supervision of the NYSDOCCS, and was acting under color of state law.

13.    At all times mentioned herein and upon information and belief, Defendant GARY COOPER was a non-uniformed employee at Albion, acting under color of state law

14.    At all times mentioned herein and upon information and belief, Defendant GARY COOPER was employed at Albion and was acting under the supervision of the NYSDOCCS, and was acting under color of state law.

15.    At all times mentioned herein and upon information and belief, defendants, either personally or through their agents, servants and/or employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York.

16.    At all times mentioned herein and upon information and belief,  each and all of the acts of the defendants alleged herein were done while defendants were acting within the scope of their employment by defendant NYSDOCCS.

3

17.     At all times mentioned herein and upon information and belief, each and all of the acts of the defendants alleged herein were done while defendants were acting in furtherance of their employment by defendant NYSDOCCS.

18.     At all times mentioned herein and upon information and belief, each and all of the acts of the defendants alleged herein were done while defendants were acting in furtherance of their employment by defendant ALBION.

19.     At all times mentioned herein and upon information and belief, Defendant Zen Zen (hereinafter, Zen Zen) was the superintendant at Albion and is sued herein in such administrative capacity and was acting under color of state law and the supervision of the NYSDOCCS, and was acting according to official duties.

21.     At all times mentioned herein and upon information and belief, Defendant DEPUTY OF ADMINISTRATION DUANE ARTUS was employed at Albion as a Deputy of Administration at Albion Correctional Facility and acting under color of state law.

22.     At all times mentioned herein and upon information and belief, Defendant DEPUTY OF ADMINISTRATION DUANE ARTUS was employed at Albion and acting under the supervision of the NYSDOCCS, and was acting under color of state law.

23.     At all times mentioned herein and upon information and belief, Defendant LEIGH COLLINS was employed at Albion as a corrections officer at Albion Correctional Facility with the rank of Captain, and acting under color of state law. (hereinafter "Captain Collins") .

24.     At all times mentioned herein and upon information and belief, Defendant CAPTAIN COLLINS was acting under the supervision of the NYSDOCCS, and was acting according to official duties.

NATURE OF THE ACTION

25.     This action seeks damages for the personal and psychological injuries sustained by the Plaintiff which were suffered and sustained in violation of her civil rights as alleged herein.

4

26.     At all times mentioned herein and upon information and belief, between 2011 and August 2015, the Plaintiff was an inmate at the New York State Albion Women's Correctional Facility located in Albion, New York. In a depraved and unlawful scenario, beginning in or about Spring 2015 through July 2015, the Plaintiff was blackmailed, harassed, and terrorized into engaging in the sex acts with Cooper and Ross. No inmate has the legal capacity to consent to sexual relations with any official or employee of the corrections system.

27.     Additionally, she was retaliated against for eventually refusing to engage in sex acts. The retaliations included losing her coveted prison work assignment, refusal of medical care, unlawful and unauthorized dissemination of her medical records, being threatened with charges of false disciplinary infractions and being transferred to another facility the day before her grievance/medical complaint hearing could be held.

28.     That, at all times mentioned herein, during 2015, the Plaintiff was assigned to a prison job where defendant CORRECTION OFFICER KEVIN ROSS and defendant GARY COOPER worked and supervised the inmate workers including Plaintiff.  As such, defendant CORRECTION OFFICER KEVIN ROSS and defendant GARY COOPER were in positions of overwhelming authority and power over plaintiff.

29.     During Spring through July, 2015, Plaintiff   was repeatedly sexually harassed, raped and assaulted by defendants Ross and Cooper. These assaults were committed by two men, corrections officer "John" Ross and Gary Cooper, a non-uniformed state employee.

29.1     At all times mentioned herein, Plaintiff was raped by defendant Cooper.

30.  At all times mentioned herein, Plaintiff was forced and compelled to perform oral sex on Ross.

31.     That, defendant CORRECTION OFFICER KEVIN ROSS and defendant GARY COOPER repeatedly forced plaintiff to go to secluded areas that were not equipped with

5

surveillance cameras to rape, sodomize and assault plaintiff and forced plaintiff to perform oral sex.

32. That, in August, 2015 plaintiff reported the rape, sodomy and abuse to defendant DEPUTY OF ADMINISTRATION DUANE ARTUS and defendant JOHN CAPTAIN COLLINS.

33.    That, Plaintiff was further intimidated and threatened by defendant DEPUTY OF ADMINISTRATION DUANE ARTUS and defendant JOHN CAPTAIN COLLINS.

34.    That, defendant DEPUTY OF ADMINISTRATION DUANE ARTUS warned and intimidated Plaintiff to keep quiet and that she would put her early release in jeopardy if she pursued a complaint or told anyone about what happened.

35.    That, defendant CAPTAIN COLLINS intimidated the Plaintiff to remain silent by chanting "SHU", referring to punishment by sending her to the Special Housing Unit used as a prison disciplinary measure, if plaintiff pursued a complaint or told anyone about what happened.

36. At all times mentioned herein and upon information and belief, Ross and Cooper and corrections officers and or employees exploited the authority of their positions to rape and sexually abuse the women in their custody. This abuse is possible because the administration of Albion Correctional Facility and The DOCC have enabled a culture of complacency toward the sexual harassment and abuse of female inmates at Albion.

37. At all times mentioned herein, the Plaintiff would be forced to go to the J1 laundry room with Ross to secluded areas that were not equipped with surveillance cameras. Upon information and belief, the supervision and security at Albion was glaringly deficient and fostered the culture which permitted and de facto acknowledged the common abuse of women inmates at Albion.

38. At all times mentioned herein, the Plaintiff would be forced to go to the C Basement or Mezz hall area with Cooper to secluded areas that were not equipped with surveillance cameras. Upon information and belief, the supervision and security at Albion was glaringly deficient and

fostered the culture which permitted and de facto acknowledged the common abuse of women inmates at Albion.

39. New York State has recognized the coercive power correction officers and employees wield over incarcerated women, and the related risk of rape and other sexual abuse, by criminalizing all sexual activity between incarcerated individuals and correctional staff in New York Penal Law § 130.05(3)(f), New York Penal Law § 130.25(1), and New York Penal Law § 130.40(1) but it nonetheless permits a culture of systemic rape and other sexual abuse of women by correction officers to exist at Albion.

40. At all times mentioned herein and upon information and belief, during 2015, the Plaintiff was assigned to a prison job where Ross and Cooper worked and supervised the inmate workers including Plaintiff. Accordingly, both Ross and Cooper were in positions of overwhelming authority over Plaintiff.

41. During the winter of 2015, Plaintiff was advised that a hearing before a Time Allowance Committee Board (TAC Board) to determine her eligibility for an early release in September 2015, as opposed to September, 2016 would likely be held in May, 2015. However, no firm date was set for it. At stake was another year of incarceration.

42.    At all pertinent times, Cooper and Ross were connected veterans of Albion and knew of the Plaintiff's TAC review and its import. They told the Plaintiff they had pull with the Board and administration at Albion so that they would see to it that she would receive early release in exchange for sex. Both of them told her that unless she went along and kept quiet about it that they would sabotage her hearing so that she would lose early release in 2015. Additionally, they told her that even if she received a favorable determination from the TAC Board that they would see to it that the early release would be revoked if she ever reported or otherwise complained about it.

7

43.     At the end of June, 2015, Plaintiff received a letter from the TAC Board telling her that the year of early release would be permitted. Shortly after receiving the approval, Cooper caused the Plaintiff to be fired from her prison job when she finally refused to be raped again by him.

44. That, defendant CORRECTION OFFICER KEVIN ROSS and defendant GARY COOPER retaliated against plaintiff for finally refusing to engage in sexual acts, including denial of medical care, unlawful and unauthorized dissemination of her medical records, lose of her coveted prison work assignment, and was subjected to charges of false disciplinary infractions, threats, and was transferred to another facility the day before her grievance/medical complaint hearing could be held.

45.     That, at all times mentioned herein, beginning in May, 2015, following her sexual assault, the Plaintiff made repeated requests to see a gynecologist because she  began to experience symptoms of  what was later determined to be a sexually transmitted disease.

46.     That, plaintiff's repeated requests to see a gynecologist were repeatedly denied causing the  plaintiff  to ultimately be compelled to file a written grievance regarding the refusal to provide her with medical care. A grievance hearing date was scheduled for on or about August 25, 2015.

47.     That, plaintiff was eventually examined by a gynecologist in August, 2015 and was diagnosed with Chlamydia.

48.     That, from the time of her arrival at Albion Women's Correctional Facility, plaintiff were required to undergo annual medical examinations.

49.     That, prior to 2015, plaintiff had never tested positive for Chlamydia, or any disease, in any of the compulsory  medical exams she undertook during any of her  previous years of incarceration.

50.     That, except for having been raped and sexually assaulted in prison as alleged herein, there was no other person with whom plaintiff had sexual relations while incarcerated.

8

51.     That, the plaintiff contracted Chlamydia as a direct result of being sexually abused by either defendant CORRECTION OFFICER KEVIN ROSS or defendant GARY COOPER, or by both these defendants.

53. At all times mentioned herein, however, the prison contacted  Plaintiff about the grievance she filed, it was discovered that her medical records and or information there from had been unlawfully  circulated in the prison including the humiliating diagnosis of chlamydia.  This publication is a stunning violation of her HIPPA rights.  Plaintiff filed a grievance complaint regarding this publication also and waited for a hearing date. A grievance hearing date was scheduled for on or about August 25, 2015.

54. The day before the grievance hearing on her medical complaint was scheduled to be heard and she could testify against Cooper, Ross, Artus and Collins, the Plaintiff was abruptly  and summarily transferred to  Bedford Hills Correctional Facility where she remained  until her release from prison on  September 3, 2015. She never attended any hearing on her medical complaint and was prevented from providing testimony and or examining witnesses.  Thus, any requirement for the Plaintiff to have exhausted administrative remedies before filing this action are inapplicable and waived.

55.     At all times mentioned herein, the transfer to the  Bedford Hills prison facility was done That, upon information and belief, this abrupt transfer was brought about by the acts of defendants for the express purpose of preventing plaintiff from testifying against defendants and to cover up  the fact that she had been raped and sodomized and to prevent and impede a hearing and  investigation into the violation of the plaintiff's  rights under HIPPA, her denial of medical care and the manner in which she contracted Chlamydia which would have exposed the rape along with the other sexual assault and  harassment  and retaliatory firing from her prison job that she suffered.

56. At all times mentioned herein and upon information and belief  defendants  Artus, Collins, Annuci and Zen Zen exposed the Plaintiff to serious harm as they were deliberately indifferent and subjectively aware of sufficiently serious risks of substantial harm to the Plaintiff's health and of sexual assault, retaliations and harassment the Plaintiff was caused to suffer.

9

57. Upon information and belief, the State defendants facilitate this harassment , rape and other sexual abuse by permitting supervisory officers such as Ross and Cooper and staff to operate in the manner alleged herein, by failing to monitor (through cameras or otherwise) known at-risk areas where the rapes and assaults took place.

58. The state defendants failed to protect from retaliation women who report rape and sexual abuse by correction officers, giving correction officers an actual and perceived free hand to retaliate against these women.

59. At all times mentioned herein and upon information and belief, despite being on notice of the widespread sexual misconduct perpetrated by correction officers at Albion, the defendants acted with deliberate indifference to the substantial risk of harm to Plaintiff and other women in its custody thereby denying the plaintiff due process and subjecting her to risk of cruel and unusual punishment.

60. At all times mentioned herein and upon information and belief, the State defendants assign male correction officers to guard women at Albion without adequate safeguards to prevent rape and other sexual abuse. Male correction officers are assigned to posts in which they have unmonitored contact and complete discretion and control over incarcerated women.

61. At all times mentioned herein and upon information and belief, the state defendants permit correction officers virtually unfettered access to unmonitored areas such as kitchen store rooms, storage closets, and pantries where they can rape and sexually abuse women with minimal risk of detection.

62. At all times mentioned herein and upon information and belief the state defendants have failed to ensure that security cameras are installed in these high risk areas and, where cameras are installed, has failed to ensure that they are functional.

63. At all times mentioned herein and upon information and belief , state defendants have failed to employ obvious measures to reduce the risk of rape and sexual abuse of incarcerated women by correction officers, such as heightened monitoring of behavior indicative of ongoing sexual abuse, appropriately placed and functional surveillance cameras installed and maintained without

10

staff knowledge, exit interviews of incarcerated women upon transfer or release, random interviews of staff, and more frequent, unannounced rounds by supervisory officials.

64. At all relevant times, individual defendants and each of them are sued in their individual capacity under 42 USC 1983 in addition to violations for constitutional rights under the 8th and 14th amendments and under color of state law .

65. The actions of the defendants were outrageous.

66. At all times mentioned herein, defendants acted in furtherance of customs promulgated and designed to injure prisoners and deprive them of their rights and privileges under the Constitution including denial of medical attention and avoidance of grievance complaints.

67. As a result of the actions of the defendants and each of them, the Plaintiff  has sustained physical and psychological injures .

68.     That, upon information and belief defendant CORRECTION OFFICER KEVIN ROSS and defendant GARY COOPER, and other corrections officers and employees at the Albion Women's Correctional Facility abused and exploited the authority of their positions to rape and sexually abuse female inmates incarcerated thereat, including plaintiff herein.

69.     That, at all times mentioned herein, defendants were deliberately indifferent to plaintiff's welfare and exposed plaintiff to serious harm and abuse.

70.     That, at all times mentioned herein, this abuse was encouraged and made possible due to a pattern and culture of complacency toward the sexual abuse of female inmates permitted by defendant NYSDOCC to exist in the New York State corrections system at large and, more specifically, by defendants  at the Albion Correctional Facility.

71.     That, at all times herein mentioned, no inmate, including plaintiff herein, possesses legal capacity to consent to sexual relations with any corrections staff, including defendants herein.

72.     That, at all times mentioned herein, the criminalization of all sexual activity between correctional staff and incarcerated women notwithstanding, defendant NYSDOCC and defendant ALBION nonetheless permits a pattern and culture of rape and other sexual abuse of incarcerated

11

women by correction staff to exist in the New York State corrections system and the Albion
Correctional Facility.

73.    That, at all times herein mentioned, defendants facilitate a pattern and culture of rape and
sexual abuse by failing to adequately monitor (through cameras or otherwise) known at-risk
areas where the rapes and assaults are committed.

74.    That, at all times herein mentioned, defendants fail to protect female inmate who report
rape and sexual abuse by correction staff from retaliation, giving correction staff an actual and
perceived free hand to retaliate against these women.

75.    That, at all times herein mentioned, despite being on notice of the widespread sexual
misconduct perpetrated by correction staff in the New York State corrections system, and
specifically at Albion Correctional Facility, defendants acted with deliberate indifference to the
substantial risk of harm to female inmates, including plaintiff herein.

76.    That, at all times herein mentioned, defendants assign male correction staff to guard
women the New York State corrections system, and specifically at Albion Correctional Facility,
without adequate safeguards to prevent rape and other sexual abuse.

77.    That, at all times herein mentioned, defendants assign male correction staff to posts in
which they have unmonitored and unsupervised contact and complete discretion and control over
incarcerated women.

78.    That, at all times herein mentioned, defendants have failed to ensure that adequate
security cameras are installed in order to provide necessary monitoring to prevent rape and
sexual abuse.

79.    That, at all times herein mentioned, defendants have failed to employ measures to reduce
the risk of rape and sexual abuse of incarcerated women by correction officers.

80.    That, at all times herein mentioned, defendants acted in furtherance of customs
promulgated and designed to injure prisoners and deprive them of their rights and privileges
under the Constitution including denial of medical attention and avoidance of grievance
complaints.

81.    That, as a result of the actions of the defendants and each of them, plaintiff has sustained physical and psychological injures.

### AS AND FOR A FIRST CAUSE OF ACTION
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42
### U.S.C SECTION 1983-1989

82.    Plaintiff repeats and re alleges each of the allegations contained in Paragraphs 1 through 81 with the same force and effect as if fully set forth herein.

83.    That, all of the aforementioned acts of defendants, their agents, servants and/or employees, were carried out under the color of law.

84.    That, all of the aforementioned acts of the defendants, their agents, servants and/or employees, deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the 4th, 5th, 8th and 14th Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. Section 1983-1988.

85.    That, the actions of the defendants deprived plaintiff of due process in violation of the 4th and 5th Amendments to the Constitution of the United States of America and plaintiff's civil rights.

86.    That, the actions of the defendants constituted cruel and unusual punishment in violation of the 8th Amendment to the Constitution of the United States of America and plaintiff's civil rights.

87.    That, the actions of the defendants deprived plaintiff of equal protection in violation of the 14th Amendment to the Constitution of the United States of America and plaintiff's civil rights.

88.    That, the acts complained of were carried out by the aforementioned defendants in their capacities as corrections staff, with all the actual and/or apparent authority attendant thereto.

89.    That, the acts complained of were carried out by the aforementioned defendants in their capacities as corrections staff, pursuant to the customs, usages, practices, procedures, and rules

of the State of New York, the New York State corrections system, the New York State Department Of Corrections and Community Supervision, and the Albion Correctional Facility, all under the supervision of ranking officers and administration thereof.

90.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority/Department/facility, which is forbidden by the Constitution of the United States.

91.     That, as a result of the foregoing, plaintiff sustained, *inter alia*, rape, sodomy, sexual abuse, sexually transmitted disease, intimidation, retaliation, emotional distress, personal, psychological and bodily injuries, mental anguish, shock, fright, apprehension, severe humiliation and embarrassment, damage to reputation and occupation, and deprivation of Civil and Constitutional Rights.

92.     That, the foregoing was due to the willfulness, unlawfulness, negligence, deliberate indifference and/or carelessness of the defendants, their agents, servants and/or employees in the operation, management, maintenance, supervision and control of said prison system and facilities, and negligent hiring and/or retention of the aforesaid defendants, without any culpable conduct on the part of the plaintiff herein.

93.     As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS against defendants, individually and collectively.

94.     Punitive damages against the defendants are also sought as the actions of the defendants demonstrate reckless indifference to her rights, ill will and or malice.

## AS AND FOR A SECOND CAUSE OF ACTION
## MUNICIPAL LIABILITY UNDER 42 U.S.C
## SECTION 1983-1989

95.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "81" as if the same were more fully set forth at length herein.

96.     That, all of the aforementioned acts of defendants, their agents, servants and/or employees, were carried out under the color of law.

14

97.     That, the acts complained of were carried out by the aforementioned defendants in their capacities as corrections staff, with all the actual and/or apparent authority attendant thereto.

98.     That, the acts complained of were carried out by the aforementioned defendants in their capacities as corrections staff, pursuant to the customs, usages, practices, procedures, and rules of the State of New York, the New York State corrections system, the New York State Department Of Corrections and Community Supervision, and the Albion Correctional Facility, all under the supervision of ranking officers and administration thereof.

99.     That, defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective authority/Department/facility, which is forbidden by the Constitution of the United States.

100.    That, the aforementioned customs, policies, usages, practices, procedures and rules of the of the State of New York, the New York State corrections system, the New York State Department Of Corrections and Community Supervision, and the Albion Correctional Facility include, but are not limited to, the following Un-Constitutional practices

        a.  fabricating evidence against innocent, erroneously arrested persons;
        b.  arresting innocent, wrongfully apprehended persons and erroneously arresting them;
        c.  arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of criminal wrongdoing.

101.    That, the existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following Civil Rights actions filed against defendant NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION and defendant ALBION CORRECTIONAL FACILITY:

102.    That, the foregoing customs, policies, usages, practices, procedures and rules of the State of New York, the New York State corrections system, the New York State Department Of Corrections and Community Supervision, and the Albion Correctional Facility constitute a

pattern and culture of deliberate indifference to the safety, well-being and the Civil and Constitutional Rights of the general public, and specifically of plaintiff herein.

103.    That, the foregoing customs, policies, usages, practices, procedures and rules of the the State of New York, the New York State corrections system, the New York State Department Of Corrections and Community Supervision, and the Albion Correctional Facility were the direct and proximate cause of the Constitutional violations suffered by plaintiff as alleged herein.

104.    That, defendants, collectively and individually, while acting under color of law, were directly and actively involved in violating the Civil and Constitutional rights of plaintiff.

105.    That, defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by administration, ranking, superior and subordinate corrections staff, and were directly responsible for the violation of plaintiff's Civil and Constitutional Rights.

106.    All of the foregoing acts by defendant(s) deprived plaintiff of federally protected rights, including, but not limited to, the right:

        a.  Not to be deprived of due process of law;
        b.  To be free from cruel and unusual punishment; and
        c.  To receive equal protection under the law.

107.    That, as a result of the foregoing, plaintiff sustained, *inter alia*, rape, sodomy, sexual abuse, sexually transmitted disease, intimidation, retaliation, emotional distress, personal, psychological and bodily injuries, mental anguish, shock, fright, apprehension, severe humiliation and embarrassment, damage to reputation and occupation, and deprivation of Civil and Constitutional Rights.

108.    That, the foregoing was due to the willfulness, unlawfulness, negligence, deliberate indifference and/or carelessness of the defendants, their agents, servants and/or employees in the operation, management, maintenance, supervision and control of said prison system and facilities, and negligent hiring and/or retention of the aforesaid defendants, without any culpable conduct on the part of the plaintiff herein.

16

AS AND FOR A THIRD CAUSE OF ACTION CRUEL AND UNSUAL TREATMENT

109.     Plaintiffs repeat and re allege each of the allegations contained in paragraphs 1 through 107 with the same force and effect as if fully set forth herein.

110.     The actions of the defendants constituted cruel and unusual punishment in violation of her civil rights.

## **AS AND FOR A FOURTH CAUSE OF ACTION ASSAULT AND BATTERY**

110. Plaintiff repeats and re alleges each of the allegations contained in paragraphs 1 through 81 with the same force and effect as if fully set forth herein.

111. The Plaintiff was assaulted and battered by Cooper and Ross.

## **AS AND FOR A FIFTH CAUSE OF ACTION FOR INFLICTION OF EMOTIONAL DISTRESS**

112. Plaintiff repeats and re alleges each of the allegations contained in paragraphs 1 through 84 with the same force and effect as if fully set forth herein.

113. The actions of the defendants and each of them were outrageous and beyond norms of societal decency which have caused the Plaintiff severe emotional distress along with physical injury.

PRAYER FOR RELIEF WHEREFORE, Plaintiffs respectfully request the following relief against defendants jointly and severally, compensatory damages in amounts of five million dollars ($5,000,000.00) or to be determined at trial; punitive damages where permitted against the defendants in amounts determined by the court or jury; the costs of this action, including reasonable attorneys' fees; Such further relief as this Court deems just, equitable and proper.

Dated: New York, New York
July 7, 2017

JAY H. TANENBAUM
ATTORNEY FOR PLAINTIFF
14 WALL STREET, SUITE 5F
NEW YORK, NY 10005
212-422-1765
JAYWALL555@AOL.COM

17