# LAW OFFICES OF JAY H. TANENBAUM
## 14 WALL STREET, SUITE 5F
## NEW YORK, NEW YORK 10005
## 212-422-1765
## FAX 212-425-7492
## JAYWALL555@aol.com

December 14, 2020

Hon. Marian W. Payson
United States Magistrate Judge
Western District of New York
Kenneth B. Keating Federal Building
100 State St.
Rochester, NY 14614

      Re: Chiwana Crandell v Kevin Ross, et. al. (6:19-cv-006552-MWP)

Dear Magistrate Payson,

I am of counsel to Jay H. Tanenbaum, counsel of record for the plaintiff. I write in response to Mr. Pajak's letter of December 11, 2020 to you regarding discovery. His letter references a recently returned HIPPA authorization sent to a clinic in New York as well as not having received records from Dr. Debra Goldman, a psychologist. A replacement HIPPA will be provided. We have not received records from Dr. Goldman either. However, after receiving Mr. Pajak's letter, I called her and was informed that a search has been undertaken so that any files can be retrieved from a remote location and will be provided.

I recently received an e mail from Mr. Pajak advising that a HIPPA authorization sent to a health care provider was returned claiming no record of her as a patient. I reached out to Ms. Crandell for an explanation. Last week, I was informed by her that she used her married name of "Wright" at the clinic, not Crandell. That may explain the return. However, because I have been working remotely and rarely come to Mr. Tanenbaum's office, I have not been able to review the file and prepare a fresh HIPPA using "Wright ". I will do so and send it to co defendants.

I have also been trying to get records from Dr. Goldman as well. As noted above a search in underway. She apologized for the delay. I am waiting to get them and will immediately exchange them with the defendants once received.

Clearly, the items raised in Mr Pajak's letter are not being intentionally withheld. In fact, I would characterize the discovery process between counsel as professional and cooperative. I will be able to review the file on Wednesday and act to provide the new Hippas. I will also follow up with Dr. Goldman. Accordingly, Plaintiff requests that the motion be denied.

Sincerely yours,

*/s/ Laurence S. Warshaw*

Laurence S. Warshaw

As stated in the Court's order dated 12/12/20, the Court does not intend to consider a letter motion to compel. Attention by Mr. Warshaw and his client to the matters described above may obviate the need for a formal motion. He should communicate directly and promptly with Mr. Pajak to discuss the issues and to discuss whether an agreed-upon date may be proposed to the Court for a formal motion to compel in the event that Mr. Pajak concludes that one is necessary to obtain the medical records.

SO ORDERED

*Marian W. Payson*

Marian W. Payson, U.S.M.J.
December 15, 2020